IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BEVERLEY B. SCHOTTENSTEIN,                )
Individually and as Co-Trustee Under the  )
Beverley B. Schottenstein Revocable       )
Trust U/A/D April 5, 2011, as Amended,    )
                                          )
      Petitioner,                          )
                                          )
vs.                                       )       CASE NO. _____
                                          )
J.P. MORGAN SECURITIES, LLC;              )
EVAN A. SCHOTTENSTEIN; and                )
AVI E. SCHOTTENSTEIN,                     )
                                          )
      Respondents.                         )
_____)

**PETITION FOR ENTRY OF A FINAL JUDGMENT
CONFIRMING ARBITRATION AWARD AND
<u>AWARDING DAMAGES AND OTHER RELIEF</u>**

Petitioner, Beverley B. Schottenstein, Individually and as Co-Trustee Under the Beverley

B. Schottenstein Revocable Trust U/A/D April 5, 2011, as Amended ("Petitioner"), pursuant to

Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, files this petition for entry of a final

judgment confirming an arbitration award rendered in her favor and against J.P. Morgan Securities,

LLC ("JPMS"); Evan A. Schottenstein ("Evan Schottenstein"); and Avi E. Schottenstein ("Avi

Schottenstein") (collectively "Respondents") by a Financial Industry Regulatory Authority

("FINRA") arbitration panel in the FINRA arbitration proceeding styled, *Beverley B.*

*Schottenstein, Individually and as Co-Trustee Under the Beverley B. Schottenstein Revocable*

*Trust U/A/D April 5, 2011, as Amended v. J.P. Morgan Securities, LLC; Evan A. Schottenstein;*

*and Avi E. Schottenstein, Jointly and Severally*, FINRA Arbitration No. 19-02053 (the "Arbitration

Proceeding").  In the arbitration award, the arbitration panel ruled that JPMS, Evan Schottenstein,

and Avi Schottenstein were liable for constructive fraud and common law fraud.  The arbitration panel also ruled that JPMS and Evan Schottenstein were liable for elder abuse in violation of Chapter 415 of the *Florida Statutes*.

The arbitration panel found JPMS liable for and ordered it to pay Petitioner compensatory damages in the sum of $4,708,550, plus interest at the Florida legal rate from February 5, 2021. The arbitration panel also ordered that JPMS rescind Petitioner's Coatue investment and to pay her $4,291,450, plus interest at the Florida legal rate from February 5, 2021.  The arbitration panel found Evan Schottenstein liable for and ordered him to pay Petitioner the sum of $9,000,000 in compensatory damages, plus interest at the Florida legal rate from February 5, 2021.   The arbitration panel found Avi Schottenstein liable for and ordered him to pay Petitioner the sum of $602,251 in compensatory damages, plus interest at the Florida legal rate from February 5, 2021.

The arbitration panel found JPMS liable for and ordered it to pay Petitioner costs in the amount of $172,630.50, pursuant to § 415.1111, *Fla.Stat.*  The arbitration panel found Evan Schottenstein liable for and ordered him to pay Petitioner costs in the amount of $172,630.50, pursuant to § 415.1111, *Fla.Stat.*

The arbitration panel ordered that JPMS was liable for and ordered it to pay to Petitioner one-half of her attorney's fees pursuant to § 415.1111, *Fla.Stat.*, in an amount to be determined by a court of competent jurisdiction.  The arbitration panel found that Evan Schottenstein was liable for and ordered him to pay to Petitioner one-half of her attorney's fees pursuant to § 415.1111, *Fla.Stat.*, in an amount to be determined by a court of competent jurisdiction.

In its judgment confirming the arbitration award, Petitioner requests that the Court reserve jurisdiction to determine Petitioner's entitlement to reasonable attorney's fees pursuant to § 415.1111, *Fla.Stat.*, and to determine and award Petitioner the reasonable attorney's fees incurred

in pursuing the Arbitration Proceeding and this proceeding and the costs incurred by Petitioner with respect to this proceeding.  The grounds for this petition and the relief sought are as follows:

## JURISDICTION

1.      This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. § 1332, based on diversity of citizenship.  The amount in controversy exceeds $75,000. Petitioner is a citizen of the state of Florida, residing in Bal Harbour, Florida.  JPMS is a Delaware limited liability company with its principal place of business in New York.  Evan Schottenstein is a citizen of New York, residing in New York City.  Avi Schottenstein is a citizen of California, residing in Los Angeles.  Therefore, there is complete diversity among the parties to this proceeding.

2.      This Court has personal jurisdiction over JPMS because JPMS is authorized to do business in Florida and conducts business in Florida, because JPMS committed tortious acts in Florida, and because JPMS has been engaged in substantial and not isolated activity in Florida. This Court has personal jurisdiction over Evan Schottenstein because Evan Schottenstein committed tortious acts in Florida and because Evan Schottenstein has been engaged in substantial and not isolated activity within Florida.   This Court has personal jurisdiction over Avi Schottenstein because Avi Schottenstein committed tortious acts in Florida and because he has been engaged in substantial and not isolated activity within Florida.

3.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because no court is specified in the arbitration clause in the customer agreement between JPMS and Petitioner, and the arbitration award was made within this district.

## FACTUAL BACKGROUND

4.      On July 24, 2019, Petitioner filed her statement of claim in the arbitration forum maintained by FINRA alleging claims for constructive fraud, common law fraud, and elder abuse/exploitation under § 415.1111, *Fla.Stat.*  All parties to the Arbitration Proceeding executed and delivered to FINRA submission agreements submitting the controversy to the jurisdiction of the FINRA arbitration forum to hear and determine Petitioner's claims and Respondents' answers and defenses in the Arbitration Proceeding.  Petitioner and Respondents also agreed to abide by and perform any award rendered and agreed to the entry of a judgment on the arbitration award by a court of competent jurisdiction.  Paragraph 4 of the submission agreement signed by all parties to this proceeding provides as follows:

> 4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

Copies of the submission agreements executed by all parties are attached as Exhibit A.

5.      After forty-three (43) hearing sessions held in the Arbitration Proceeding on October 19-23, 2020; October 26-30, 2020; November 2-6, 2020; December 14-17, 2020; and January 25, 26, and 28, 2021, the arbitration panel rendered the arbitration award attached hereto as Exhibit B on February 4, 2021.  FINRA served the arbitration award on all parties on February 5, 2021.  The rulings made by the arbitration panel in the arbitration award and the damages and costs awarded included the following:

(A)      Respondents JPMS, Evan Schottenstein and Avi Schottenstein are liable on the counts of constructive fraud/abuse of fiduciary duty and fraudulent misrepresentations and omissions.

(B)    Respondents JPMS and Evan Schottenstein are further liable for elder abuse in violation of Chapter 415, Fla. Statutes.

(C)    Respondent JPMS is liable for and shall pay to Claimants the sum of $4,708,550.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

(D)    Respondent Evan Schottenstein is liable for and shall pay to Claimants the sum of $9,000,000.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

(E)    Respondent Avi Schottenstein is liable for and shall pay to Claimants the sum of $602,251.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

(F)    Claimants' request for rescission of the Coatue investment is granted.  As such, in addition to the amount awarded in Paragraph 3 above, Respondent JPMS shall rescind the Coatue investment and pay Claimant $4,291,450.00, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

(G)    Pursuant to Section 415.1111, Fla.  Stat., Respondent JPMS is liable for and shall pay to Claimants costs in the amount of $172,630.50.

(H)    Pursuant to Section 415.1111, Fla. Stat., Respondent Evan Schottenstein is liable for and shall pay to Claimants cost in the amount of $172,630.50.

(I)    Pursuant to Section 415.1111, Fla. Stat., Respondent JPMS is liable for and shall pay to Claimants one-half of their attorneys' fees, in an amount to be determined by a court of competent jurisdiction.

(J)      Pursuant to Section 415.1111, Fla. Stat., Respondent Evan Schottenstein is liable for and shall pay to Claimants one-half of their attorneys' fees, in an amount to be determined by a court of competent jurisdiction.

6.      As of the filing of this petition, none of the Respondents have fulfilled any of their obligations under the arbitration award.

**PETITIONER IS ENTITLED TO THE ENTRY OF A
JUDGMENT CONFIRMING THE ARBITRATION AWARD
AND THE AWARD OF DAMAGES AND COSTS**

7.      Numerous decisions of the Eleventh Circuit Court of Appeal have recognized that "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation."  *See, e.g., Robbins v. Day*, 954 F.2d 679, 682 (11th Cir. 1992), *abrog. on other grounds*, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990); *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 745 (11th Cir. 1988).

8.      Decisions of the Eleventh Circuit have also held:  "The Federal Arbitration Act presumes that reviewing courts will confirm arbitration awards and that the courts' review of the arbitration process will be severely limited."  *See, e.g., Lifecare Int'l, Inc. v. C.D. Medical, Inc.*, 68 F.3d 429, 433 (11th Cir. 1995); *Robbins v. Day*, 954 F.2d at 682; *Booth v. Hume Publishing, Inc.*, 902 F.2d at 932.  In fact, 9 U.S.C. § 9 expressly provides that if a party to an arbitration proceeding seeks confirmation of an arbitration award within one year after the award is made, the "court must grant such an order [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

9.      A proceeding to confirm an arbitration award under 9 U.S.C. § 9 is intended to be summary in nature.  *See Cullen v. Paine Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989).  "The [Federal Arbitration Act] does not allow courts to 'roam unbridled' in their oversight of arbitration awards, but carefully limits judicial intervention to instances where the arbitration has been tainted in specific ways.  (citations omitted)  The [FAA] does not allow an arbitration award to be vacated solely on the basis of error of law or interpretation but requires something more, such as misconduct pertaining to the proceedings on the part of the arbitrators or the parties."  (citation omitted)  *Robbins v. Day*, 954 F.2d at 683.

## PETITIONER IS ENTITLED TO AN AWARD OF
## REASONABLE ATTORNEY'S FEES AND COSTS

10.     Section 415.1111 of the *Florida Statutes* provides for a civil action by a vulnerable adult who has been abused, neglected, or exploited as specified in Chapter 415 against any perpetrator, and the vulnerable adult may recover actual damages for such abuse, neglect, or exploitation.  That statute further provides:  "A party who prevails in any such action may be entitled to recover reasonable attorney's fees, the costs of the action, and damages."

11.     Petitioner was required to retain her undersigned counsel to pursue her claims against JPMS, Evan Schottenstein, and Avi Schottenstein and has agreed to pay her counsel on a contingent fee basis.

12.     As the prevailing party in the Arbitration Proceeding, pursuant to § 415.1111, Petitioner is entitled to an award of reasonable attorney's fees for representation by her counsel in the underlying Arbitration Proceeding and in this proceeding and the award of costs for this proceeding.

WHEREFORE, Petitioner requests that the Court enter a final judgment confirming the arbitration award in her favor and against JPMS, Evan Schottenstein, and Avi Schottenstein, and awarding her the following relief:

(A)    That the final judgment of the Court incorporate and award to Petitioner all of the damages, costs awards, interest, and other relief awarded to Petitioner in the arbitration award as set forth above;

(B)    That the Court reserve jurisdiction to determine that Petitioner is entitled to an award of reasonable attorney's fees for the underlying Arbitration Proceeding and this proceeding and for the costs of this proceeding and to determine the amount of the reasonable attorney's fees and costs which Petitioner is entitled to recover from JPMS and Evan Schottenstein;

(C)    That the Court reserve jurisdiction to enter such other and further orders as the Court deems just and proper; and

(D)    That the Court award Petitioner such other and further relief as the Court deems just and proper.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP


By:   /s/ Guy M. Burns
      Guy M. Burns, FBN 160901
      Scott C. Ilgenfritz, FBN 394084
Truist Place
401 E. Jackson Street, Suite 3100
Tampa, Florida  33602
Telephone:  813-225-2500
Facsimile:  813-223-7118
Primary email:  scotti@jpfirm.com
Primary email:  guyb@jpfirm.com
Secondary email:  debbieh@jpfirm.com
*Attorneys for Petitioner*

# Exhibit A

Beverley B. Schottenstein, Individually and as
Co-Trustee of the Beverley B. Schottenstein
Revocable Trust U/A/D April 5, 2011, as Amended

vs.

J.P. Morgan Securities, LLC, et al.

## SUBMISSION AGREEMENT FOR CLAIMANTS

**FINRA Arbitration**
**SUBMISSION AGREEMENT**

**Claimant(s)**

**In the Matter of the Arbitration Between**

Name(s) of Claimant(s)

| | |
|---|---|
| BEVERLEY B. SCHOTTENSTEIN, | ) |
| Individually and as Co-Trustee Under the | ) |
| Beverley B. Schottenstein Revocable | ) |
| Trust U/A/D April 5, 2011, as Amended | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| Name(s) of Respondent(s) | ) |
| | ) |
| J.P. MORGAN SECURITIES, LLC; | ) |
| EVAN A. SCHOTTENSTEIN; and | ) |
| AVI E. SCHOTTENSTEIN, Jointly | ) |
| and Severally | ) |
| | ) |

1.      The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.      The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration and the parties agree to be bound by these procedures and rules.

3.      The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.      The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby

voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5.     The parties hereto have signed and acknowledged the foregoing Submission Agreement.

* * *

Beverley B. Schottenstein
Claimant Name (please print)

Beverley B. Schottenstein                                    July 23, 2019
Claimant Signature                                      Date
Capacity:     Individually and as Co-Trustee Under the Beverley B. Schottenstein
              Revocable Trust U/A/D April 5, 2011, as Amended

5651757

-2-

**FINRA ARBITRATION** Submission Agreement

## Respondent(s)

**In the Matter of the Arbitration Between**

Name(s) of Claimant(s)
BEVERLEY B. SCHOTTENSTEIN,  Individually and as Co-Trustee Under the Beverley B. Schottenstein Revocable Trust U/A/D April 5, 2011, as Amended,

**and**

Name(s) of Respondent(s)
J.P. MORGAN SECURITIES, LLC; EVAN A. SCHOTTENSTEIN; AVI E. SCHOTTENSTEIN, Jointly and Severally,

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

J.P. Morgan Securities, LLC
Respondent Name (please print)

_Melissa Fetler, ED, Agt GC_        9/23/19

Respondent's Signature             Date
State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

Respondent Name (please print)

Respondent's Signature             Date
State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

**If needed, copy this page.**

23

**FINRA ARBITRATION Submission Agreement**

_____
 In the Matter of the Arbitration Between

       <u>Name(s) of Claimant(s)</u>

Beverly B. Schottenstein, as Co-Trustee
Beverley B. Schottenstein

                                                      19-02053

       <u>Name(s) of Respondent(s)</u>

J.P. Morgan Securities, LLC
Evan A. Schottenstein
Avi Elliot Schottenstein

_____

1.  The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.  The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3.  The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of FINRA Office of Dispute Resolution or the arbitrator(s).  The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Evan Schottenstein                                                    09/25/2019

Evan A. Schottenstein                                                    Date
State Capacity if other than individual (e.g., executor, trustee, corporate officer)


LC43A: SUBMISSION AGREEMENT
idr: 06/13/2016

RECIPIENTS:
Evan A. Schottenstein
220 Riverside Boulevard, Unit 4J, New York, NY 10069

**FINRA ARBITRATION Submission Agreement**

_____

 In the Matter of the Arbitration Between

        <u>Name(s) of Claimant(s)</u>

Beverly B. Schottenstein, as Co-Trustee
Beverley B. Schottenstein

                                                                19-02053

        <u>Name(s) of Respondent(s)</u>

J.P. Morgan Securities, LLC
Evan A. Schottenstein
Avi Elliot Schottenstein

_____

1.  The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.  The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3.  The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of FINRA Office of Dispute Resolution or the arbitrator(s).  The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

9/25/2019

Avi Elliot Schottenstein                                                    Date
State Capacity if other than individual (e.g., executor, trustee, corporate officer)


LC43A: SUBMISSION AGREEMENT
idr: 06/13/2016

RECIPIENTS:
Avi Elliot Schottenstein
303 W. 66th Street, Apt. 15JW, New York, NY 10023

# Exhibit B

Beverley B. Schottenstein, Individually and as
Co-Trustee of the Beverley B. Schottenstein
Revocable Trust U/A/D April 5, 2011, as Amended

vs.

J.P. Morgan Securities, LLC, et al.

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

Claimants                                          Case Number: 19-02053
Beverley B. Schottenstein, Individually and as Co-
Trustee under the Beverley B. Schottenstein
Revocable Trust U/A/D April 5, 2011, as Amended


        vs.


Respondents                                        Hearing Site: Boca Raton, Florida
J.P. Morgan Securities, LLC
Evan A. Schottenstein
Avi Elliot Schottenstein

Awards are rendered by independent arbitrators who are chosen by the parties to issue final,
binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by
the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member and Associated Persons

This case was decided by an all-public panel.

The evidentiary hearing was conducted by videoconference.

## REPRESENTATION OF PARTIES

For Claimants Beverley B. Schottenstein, Individually and as Co-Trustee under the Beverley B.
Schottenstein Revocable Trust U/A/D April 5, 2011, as Amended: Scott C. Ilgenfritz, Esq. and
Guy Burns, Esq., Johnson Pope Bokor Ruppel & Burns LLP, Tampa, Florida.

For Respondent J.P. Morgan Securities, LLC ("JPM"): Gabrielle L. Gould, Esq., Elizabeth Zito,
Esq. and Melissa Brumer, Esq., Goodwin, Procter LLP, New York, New York.

For Respondents Evan A. Schottenstein ("EAS") and Avi Elliot Schottenstein ("AES"): Carl S.
Burkhalter, Esq., Peter S. Fruin, Esq., Jonathan J. Brennan, Esq. and Grace J. Posey, Esq.,
Maynard, Cooper, Gale, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: July 24, 2019.
Beverley B. Schottenstein, Individually and as Co-Trustee under the Beverley B. Schottenstein
Revocable Trust U/A/D April 5, 2011, as Amended, signed the Submission Agreement: July 23,
2019.

Statement of Answer filed by Respondent JPM on or about: September 27, 2019.
J.P. Morgan Securities, LLC signed the Submission Agreement: September 23, 2019.

Statement of Answer filed by Respondent EAS on or about: September 27, 2019.
Respondent EAS signed the Submission Agreement: September 25, 2019.

Statement of Answer filed by Respondent AES on or about: September 27, 2019.
Respondent AES signed the Submission Agreement: September 25, 2019.

## CASE SUMMARY

Claimants asserted the following causes of action: constructive fraud/abuse of fiduciary duty; fraudulent misrepresentations and omissions; and violation of Chapter 415, Fla. Statutes. The causes of action relate to the allegedly unauthorized purchase and/or sale of various securities in Claimants' account, including, but not limited to, multiple auto-callable structured notes and various other securities for which Respondent JPM was a market maker, including Apple stock, as well as initial public offerings (IPOs) and follow-on offerings (FPOs).

Unless specifically admitted in its Statement of Answer, Respondent JPM denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in his Statement of Answer, Respondent EAS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in his Statement of Answer, Respondent AES denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested: compensatory damages in excess of $10,000,000.00; punitive damages in the amount of at least three times the compensatory damages awarded; interest; rescission of the investment in the Coatue Private Equity Fund ("Coatue") and the return of the capital calls paid to Coatue; disgorgement of all commissions and revenues received by Respondent JPM from all trading activity; costs of this arbitration proceeding, including attorneys' fees, filing fees, expert witness fees, arbitrators' fees, and any other costs; and such other relief deemed just and proper by the Panel.

In the Statement of Answer, Respondent JPM requested: dismissal of Claimants' Statement of Claim in its entirety; costs and expenses incurred in connection with this proceeding; and such other and further relief deemed just and proper by the Panel.

In the Statement of Answer, Respondent EAS requested: denial of Claimants' claims in their entirety; expungement of all references to this matter from his Central Registration Depository ("CRD") records; and such other and further relief deemed just and equitable by the Panel.

In the Statement of Answer, Respondent AES requested: denial of Claimants' claims in their entirety; expungement of all references to this matter from his CRD records; and such other and further relief deemed just and equitable by the Panel.

At the close of the hearing, Claimants modified their compensatory damage request to be in the amount of $69,185,860.00.

At the close of the hearing, Respondent EAS withdrew his request for expungement.

## <u>OTHER ISSUES CONSIDERED AND DECIDED</u>

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On or about July 23, 2020, Claimants filed a Motion for Final Hearings to be Conducted Virtually via Zoom Video Conference, to which all Respondents objected.  The Panel heard oral argument from the parties and issued an Order dated August 18, 2020 that granted Claimants' Motion.

After the conclusion of Claimants' case-in-chief, Respondents JPM, EAS and AES moved to dismiss on the basis that Claimants failed to present evidence of a prima facie case.  Claimants objected, asserting that the evidence established a prima facie case.  The Panel denied the Motion.

The Award in this matter may be executed in counterpart copies.

## <u>AWARD</u>

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Respondents JPM, EAS and AES are liable on the counts of constructive fraud/abuse of fiduciary duty and fraudulent misrepresentations and omissions.

2.  Respondents JPM and EAS are further liable for elder abuse in violation of Chapter 415, Fla. Statutes.

3.  Respondent JPM is liable for and shall pay to Claimants the sum of $4,708,550.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

4.  Respondent EAS is liable for and shall pay to Claimants the sum of $9,000,000.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

5.  Respondent AES is liable for and shall pay to Claimants the sum of $602,251.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award.

6.  Claimants' request for rescission of the Coatue investment is granted.  As such, in addition to the amount awarded in Paragraph 3 above, Respondent JPM shall rescind the Coatue investment and pay Claimant $4,291,450.00, plus interest at the Florida legal rate that

begins to accrue as of the date of service of this Award.

7.  Pursuant to Section 415.1111, Fla. Stat., Respondent JPM is liable for and shall pay to Claimants costs in the amount of $172,630.50.

8.  Pursuant to Section 415.1111, Fla. Stat., Respondent EAS is liable for and shall  pay to Claimants cost in the amount of $172,630.50.

9.  Pursuant to Section 415.1111, Fla. Stat., Respondent JPM is liable for and shall pay to Claimants one-half of their attorneys' fees, in an amount to be determined by a court of competent jurisdiction.

10. Pursuant to Section 415.1111, Fla. Stat., Respondent EAS is liable for and shall pay to Claimants one-half of their attorneys' fees, in an amount to be determined by a court of competent jurisdiction.

11. Respondent AES's (CRD Number 5708665) request for expungement of his CRD records is denied.

12. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 2,250.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent JPM is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 4,025.00 |
| Member Process Fee | =$ 7,000.00 |

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| Two (2) decisions on discovery-related motions on the papers with one (1) arbitrator @ $200.00/decision | =$   400.00 |
| One (1) decision on a discovery-related motion on the papers with three (3) arbitrators @ $200.00/decision/arbitrator | =$   600.00 |

FINRA Dispute Resolution Services
Arbitration No.  19-02053
<u>Award Page 5 of 7</u>

Claimant submitted one (1) discovery-related motion
Respondent JPM submitted one (1) discovery-related motion
A Non-Party submitted one (1) discovery-related motion

---

Total Discovery-Related Motion Fees                                   =$  1,000.00

The Panel has assessed $500.00 of the discovery-related motion fees jointly and severally to Claimants.

The Panel has assessed $500.00 of the discovery-related motion fees jointly and severally to Respondents JPM, EAS and AES.

## **Contested Motion for Issuance of Subpoena Fees**
Fees apply for each decision on a contested motion for the issuance of a subpoena.

Ten (10) decisions on contested motions for the issuance of a subpoena        =$  2,000.00
with one Arbitrator @ $200.00/decision

---

Total Contested Motion for Issuance of Subpoena Fees                  =$  2,000.00

The Panel has assessed $1,000.00 of the contested motion for issuance of subpoena fees jointly and severally to Claimants.

The Panel has assessed $1,000.00 of the contested motion for issuance of subpoena fees jointly and severally to Respondents JPM, EAS and AES.

## **Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) pre-hearing sessions with the Panel @ $1,500.00/session          =$  3,000.00
Pre-hearing Conferences:  November 11, 2019        1 session
                          August 18, 2020          1 session

Forty-Three (43) hearing sessions @ $1,500.00/session                   =$ 64,500.00
Hearing Dates:            October 19, 2020          2 sessions
                          October 20, 2020          2 sessions
                          October 21, 2020          2 sessions
                          October 22, 2020          2 sessions
                          October 23, 2020          2 sessions
                          October 26, 2020          2 sessions
                          October 27, 2020          2 sessions
                          October 28, 2020          2 sessions
                          October 29, 2020          2 sessions
                          October 30, 2020          2 sessions
                          November 2, 2020          2 sessions
                          November 3, 2020          2 sessions
                          November 4, 2020          2 sessions

FINRA Dispute Resolution Services
Arbitration No.  19-02053
<u>Award Page 6 of 7</u>

|  |  |
|---|---|
| November 5, 2020 | 2 sessions |
| November 6, 2020 | 2 sessions |
| December 14, 2020 | 1 session |
| December 15, 2020 | 2 sessions |
| December 16, 2020 | 2 sessions |
| December 17, 2020 | 2 sessions |
| January 25, 2021 | 2 sessions |
| January 26, 2021 | 2 sessions |
| January 28, 2021 | 2 sessions |

---

Total Hearing Session Fees                                                =$  67,500.00

The Panel has assessed $1,500.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $1,500.00 of the hearing session fees jointly and severally to Respondents JPM, EAS and AES.

The Panel has assessed $64,500.00 of the hearing session fees jointly and severally to Respondents JPM and EAS.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No.  19-02053
Award Page 7 of 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| Donna Greenspan Solomon | - | Public Arbitrator, Presiding Chairperson |
| James M. Scutti | - | Public Arbitrator |
| David Rich | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

*Donna Greenspan Solomon*
_____
Donna Greenspan Solomon
Public Arbitrator, Presiding Chairperson

**02/04/2021**
_____
Signature Date


*James M. Scutti*
_____
James M. Scutti
Public Arbitrator

**02/04/2021**
_____
Signature Date


*David Rich*
_____
David Rich
Public Arbitrator

**02/04/2021**
_____
Signature Date


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


February 05, 2021
_____
Date of Service (For FINRA Dispute Resolution Services use only)