**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20521-BLOOM/Otazo-Reyes**

BEVERLEY B. SCHOTTENSTEIN,
Individually and as Co-Trustee Under the
Beverley B. Schottenstein Revocable
Trust U/A/D April 5, 2011, as Amended,

    Petitioner,

v.

J.P. MORGAN SECURITIES, LLC;
EVAN A. SCHOTTENSTEIN; and
AVI E. SCHOTTENSTEIN,

    Respondents.
_____/

## ORDER DENYING MOTION FOR CORRECTION

**THIS CAUSE** is before the Court upon Respondents Evan A. Schottenstein and Avi E. Schottenstein's (collectively, "Respondents" or "Schottensteins") Motion for Correction of Order and Entry of Briefing Schedule, ECF No. [68] ("Motion"). Petitioner Beverly B. Schottenstein ("Petitioner" or "Mrs. Schottenstein") filed a Response in Opposition, ECF No. [70] ("Response"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

### I.    BACKGROUND

On February 5, 2021, Petitioner filed her Petition for Entry of a Final Judgment Confirming Arbitration Award and Awarding Damages and Other Relief, ECF No. [1] ("Petition"). Petitioner sought to confirm the decision of a Financial Industry Regulatory Authority ("FINRA") arbitration panel that awarded her damages on her claims for constructive fraud, common law fraud, and elder

abuse ("Award") pursuant to the Federal Arbitration Act ("FAA"). *Id*. at 1-2. The Award required Respondent Evan Schottenstein to pay Petitioner $9,000,000.00 in compensatory damages plus interest, $172,630.50 in costs, and one-half of Petitioner's attorney's fees. *Id*. at 2. The Award required Respondent Avi Schottenstein to pay Petitioner $602,251.00 in compensatory damages plus interest. *Id*.

On March 8, 2021, Respondents filed a Motion to Vacate Arbitration Award and Opposition to Beverly Schottenstein's Petition to Confirm, ECF No. [6] ("Motion to Vacate"). On March 18, 2021, the Parties filed a Stipulated Motion for Extension of Briefing Deadlines, ECF No. [14] ("Stipulated Motion"). In the Stipulated Motion, the Parties stated that they had reached an "oral agreement concerning the amount of a settlement sum to be paid by [R]espondents to [P]etitioner to resolve [the Petition and Motion to Vacate]." *Id*. at 1. The Stipulated Motion stated that a "written settlement agreement [would] be prepared, revised, agreed upon, and executed by March 24, 2021." *Id.* The Stipulated Motion further stated that, if "[R]espondents fail[ed] to timely make the settlement payment, the settlement agreement [would] be null and void and [the Parties would] return to their present postures and positions in [the] action." *Id*. at 1-2.

On March 19, 2021, the Court administratively closed the case without prejudice, pending the filing of a settlement agreement for the Court's "consideration and/or appropriate dismissal documentation." ECF No. [15] ("Admin Close Order"). In the Admin Close Order, the Court stated, in relevant part:

> 2. The Clerk of Court shall **CLOSE** this case for administrative purposes only.
> 3. To the extent not otherwise disposed of, any hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

*Id.* (emphasis in original). On June 8, 2021, Petitioner filed her Motion to Reopen the Case, stating that "[a]fter extensive negotiations, [the Parties] have been unable to reach agreement on the

provisions and content of a written settlement agreement, and no written settlement agreement has been finalized." ECF No. [16] at 3. The Court subsequently granted the Motion to Reopen the Case. *See* ECF No. [18].

On June 29, 2021, Respondents filed a Motion to Enforce Settlement ("Motion to Enforce"), arguing that Petitioner and Respondents settled the case on two occasions – on March 18, 2021, and on May 6, 2021 – and requesting that the Court enforce the purported settlements. *See* ECF No. [20] at 1. On January 14, 2022, Magistrate Judge Otazo-Reyes issued her R&R, recommending that the Motion to Enforce be denied. *See* ECF No. [58]. The Court thereafter adopted the R&R in part, denying the Motion to Enforce and directing Respondents to answer Petitioner's Petition on or before March 7, 2022. *See* ECF No. [65] ("Order Adopting R&R").

On March 1, 2022, Respondents filed the instant Motion. *See* ECF No. [68]. Respondents request that the Court revise its Order Adopting R&R, require Petitioner to refile her Petition in light of the Admin Close Order, enter an extended briefing schedule, and grant an enlargement of page limits. *See id*. Petitioner opposes the Motion, arguing that Petitioner need not refile her Petition and that an extended briefing schedule and additional page limits will undermine the purpose of arbitration by delaying the proceedings. *See* ECF No. [70].

## II. LEGAL STANDARD

First, in regard to the filing of a petition to confirm an arbitration award, the Eleventh Circuit held that:

> Proceedings to vacate or confirm an arbitration award are instituted by the filing of a motion in the district court, *see* 9 U.S.C. §§ 9, 12, just as a normal civil action is commenced by filing a complaint in the district court, *see* Fed. R. Civ. P. 3. Thus, although technically called a 'motion,' the papers filed by a party seeking to confirm or vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in the district court.

*Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1382 (11th Cir. 1988). Second, in regard to extensions of time, Fed. R. Civ. P. 6 states, in relevant part: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Third, in regard to page limits, Local Rule 7.1(c)(1) states that "[a]bsent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages; a reply memorandum shall not exceed ten (10) pages."

### III.   ANALYSIS

#### a. Proposed Corrections

Respondents argue that three parts of the Court's Order Adopting R&R should be corrected to require Petitioner to refile her Petition. *See* ECF No. [68] at 4-5. Respondents' contention is based on premise that the Petition should be considered as a motion and that the Admin Close Order denied as moot all pending motions. *See id.* at 2-4. Respondents cite several non-binding cases from outside the Eleventh Circuit suggesting that applications for confirmation or vacatur of an arbitration award are considered motions. *See id.* at 3-4.[1] Petitioner responds that Respondents overlook a binding Eleventh Circuit decision that determined that "although technically called a 'motion,' the papers filed by a party seeking to confirm or vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in the district court." ECF No. [70] at 6 (quoting *Bonar*, 835 F.2d at 1382). Petitioner further argues that the 9 U.S.C. § 12 three-month deadline to file a motion to vacate has passed and that the previously filed Motion to Vacate deprives Respondents an opportunity to refile their Motion to Vacate. *See id.* at 8.

---

[1] Respondents cite *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 (3d Cir. 2021); *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 571-72 (7th Cir. 2007); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006); and *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992).

The Court agrees with Petitioner to the extent that the Eleventh Circuit instructs courts to treat initial filings to confirm or vacate an arbitration award as initial pleadings. *See Bonar*, 835 F.2d at 1382. Therefore, although Respondents attempt to construe the Petition as a motion based on non-binding decisions from outside the Eleventh Circuit, the Court declines to deviate from binding Eleventh Circuit precedent. In short, the Petition is an initial pleading, and the Admin Close Order that denied as moot all pending motions does not apply to the Petition. *See* ECF No. [15]. As such, Petitioner is not required to refile the Petition.[2]

However, the Court is not persuaded by Petitioner's argument that Respondents are time-barred from filing a Motion to Vacate or that the previously denied Motion to Vacate deprives Respondents an opportunity to refile their Motion to Vacate. *See* ECF No. [70] at 8. Petitioner relies on *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) for her argument. *See id.* In *Cullen*, the Eleventh Circuit held that the district court did not err in determining that a movant was time-barred from filing a motion to vacate an arbitration award because the movant did not exercise due diligence. 863 F.2d at 854. In this case, Respondents did timely file a Motion to Vacate. *See* ECF No. [6]. Further, the Motion to Vacate was denied as moot only because the Court administratively closed the case and denied all pending motions as moot. *See* ECF No. [15]. Therefore, unlike the movant in *Cullen*, Respondents exercised due diligence in timely filing their Motion to Vacate. As such, Respondents are entitled to refile their Motion to Vacate.

---

[2] To the extent that Respondents cite *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990), the Court is not persuaded. *See* ECF No. [68] at 3. The case only states that the "any application to the court under the [FAA] should be *made in the form* of a motion." *See Booth*, 902 F.2d at 932 (emphasis added). While any applications should be filed in the form of a motion, the case does not require the Court to treat an application filed under the FAA as a motion. Further, as noted above, *Bonar*, 835 F.2d at 1382, directly contradicts Respondents' argument that the Court must treat the Petition as a motion.

b. **Proposed Briefing Schedule and Page Limits**

Next, Respondents request that the Court permit Petitioner's Petition and Respondents' forthcoming Motion to Vacate to be refiled on or before March 7, 2022, the oppositions to be filed on or before March 28, 2022, and the replies to be filed on or before April 11, 2022. *See* ECF No. [68] at 5. Respondents also request that the page limit for Respondents' forthcoming Motion to Vacate and Petitioner's Opposition to be enlarged to thirty (30) pages and the Parties' Replies to be enlarged to twenty (20) pages. *See id.* Based on Respondents' requests, it appears that Respondents are seeking to file a Motion to Vacate and a separate Response in Opposition to the Petition. *See id.* On the other hand, Petitioner opposes both the briefing schedule and proposed page limits. *See* ECF No. [70] at 8-9. Petitioner argues that the summary nature of a proceeding to confirm an arbitration award does not warrant an extended briefing schedule and enlarged page limits. *See id.*

The Court first notes that Respondents' previous Motion to Vacate was a combined motion to vacate and opposition to the Petition. *See* ECF No. [6] ("Respondents Evan and Avi Schottenstein's Motion to Vacate Arbitration Award and Opposition to Beverly Schottenstein's Petition to Confirm"). In addition, Petitioner previously proposed "combin[ing] her opposition memorandum [to the previous Motion to Vacate] and her reply memorandum [to the opposition to the Petition] into one memorandum." ECF No. [10] at 3. Petitioner also requested two weeks to respond to Respondents' previously filed Motion to Vacate. *See id.* The Court granted Petitioner's previous requests. *See* ECF No. [13]. Given the Parties' filings and the Court's previous ruling, the Court determines that Respondents shall file one combined motion to vacate and opposition to the Petition by no later than March 7, 2022, which the Court will construe as Respondents' answer

to the Petition. Petitioner shall file one combined response to Respondents' answer by no later than March 21, 2022. The Court will require no further briefings on the matter.

Finally, with regard to the page limits, the Parties should be permitted to file their briefings with additional pages in accordance with the Court's previous Orders granting enlargement of page limits. *See* ECF Nos. [12], [13].

### IV.     CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Motion, **ECF No. [68]**, is **GRANTED IN PART AND DENIED IN PART**.
2. Respondents shall answer Petitioner's Petition, ECF No. [1], on or before **March 7, 2022**. The answer shall not exceed thirty (30) pages.
3. Petitioner shall respond to Respondents' answer on or before **March 21, 2022**. The response shall not exceed thirty (30) pages.
4. The Court will not consider further briefings on the matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record