IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BEVERLEY B. SCHOTTENSTEIN, ) <br> Individually and as Co-Trustee Under the ) <br> Beverley B. Schottenstein Revocable ) <br> Trust U/A/D April 5, 2011, as Amended, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> J.P. MORGAN SECURITIES, LLC; ) <br> EVAN A. SCHOTTENSTEIN; and AVI E. ) <br> SCHOTTENSTEIN, ) <br> ) <br>     Respondents. ) | Case No. 1:21-cv-20521-BB |

**DECLARATION OF PETER S. FRUIN IN SUPPORT OF RESPONDENTS EVAN AND AVI SCHOTTENSTEIN'S MOTION TO VACATE ARBITRATION AWARD AND OPPOSITION TO BEVERLEY SCHOTTENSTEIN'S PETITION TO CONFIRM**

    I, Peter S. Fruin, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    My name is Peter S. Fruin. I am over the age of eighteen. I am a resident and citizen of the State of Alabama. The matters referred to in this Declaration are based on my personal knowledge and my review of available business records. If called to testify as a witness, I could and would testify competently to the facts set forth in this Declaration.

    2.    I am a shareholder in the Birmingham Office of Maynard, Cooper & Gale, P.C., and I represent Respondents Evan A. Schottenstein and Avi E. Schottenstein (the "Schottenstein Respondents") in the above-captioned action.

    3.    I make this Declaration in support of the Respondents Evan A. Schottenstein and Avi E. Schottenstein's Motion to Vacate Arbitration Award and Opposition to Beverley Schottenstein's Petition to Confirm.

4. Attached hereto as **Exhibit 1** is a true and correct copy of the Statement of Claim filed by Petitioner Beverley Schottenstein ("Petitioner" or "Beverley") in the FINRA Arbitration styled *Beverley B. Schottenstein, et al. v. J.P. Morgan Securities, LLC, Evan A. Schottenstein and Avi E. Schottenstein*, FINRA Dispute Resolution No. 19-02053 (the "Arbitration") on July 25, 2019.

5. Attached hereto as **Exhibit 2** is a copy of the case *Klein v. Drexel Burnham Lambert, Inc.*, 737 F. Supp. 319 (E.D. Pa. 1990), which was entered into evidence in the Arbitration as Schottenstein Respondents' Exhibit 150 ("Rs' Ex. 150").

6. Attached hereto as **Exhibit 3** is a summary of Petitioner's Autocallable Notes, which was entered into evidence in the Arbitration as J.P. Morgan Securities' ("J.P. Morgan") Exhibit 56 ("JPMS Ex. 56").

7. Attached hereto as **Exhibit 4** is an Account Reconciliation and Profit and Loss Report for Petitioner's Morgan Stanley accounts, which was entered into evidence in the Arbitration as J.P. Morgan's Exhibit 62 ("JPMS Ex. 62").

8. Attached hereto as **Exhibit 5** is a summary of Petitioner's Contact with Family Members, which was entered into evidence in the Arbitration as Schottenstein Respondents' Exhibit 133 ("Rs' Ex. 133").

9. Attached hereto as **Exhibit 6** is an Account Reconciliation and Profit and Loss Report for Petitioner's J.P. Morgan accounts, which was entered into evidence in the Arbitration as J.P. Morgan's Exhibit 42 ("JPMS Ex. 42").

10. Attached hereto as **Exhibit 7** is Claimant Beverley Schottenstein's Exhibit 171 ("C's Ex. 171") entered into evidence in the Arbitration, which shows gross commission (or production credits) earned by Avi Schottenstein.

11. Attached hereto as **Exhibit 8** is a true and correct copy of cited portions of the Arbitration hearing transcript.

12. Attached hereto as **Exhibit 9** is a copy of the Arbitration Agreement between Petitioner and J.P. Morgan ("Arbitration Agreement").

13. Attached hereto as **Exhibit 10** is a true and correct copy of Respondents Evan and Avi Schottenstein's Response to Claimant's Motion for the Currently Scheduled Final Hearings to Be Conducted Virtually Via Zoom Video Conference and for the Scheduling of Additional Final Hearing Weeks ("Respondents' Opposition to Zoom Motion") filed in the Arbitration on August 3, 2020.

14. Attached hereto as **Exhibit 11** is a true and correct copy of the Panel Order dated August 18, 2020 ordering the final hearings to proceed via Zoom teleconference.

15. Attached hereto as **Exhibit 12** is a true and correct copy of the Letter from Jonathan J. Brennan to Lisa Lasher dated October 5, 2020, regarding a replacement for Arbitrator Donald Theodore Ryce, Jr. ("10/5/2020 Letter from J. Brennan to L. Lasher").

16. Attached hereto as **Exhibit 13** is a true and correct copy of the Letter from Lisa Lasher dated October 13, 2020, notifying the parties that the replacement arbitrator was James Scutti ("10/13/2020 Letter from L. Lasher").

17. Attached hereto as **Exhibit 14** is a true and correct copy of the Letter from J.P. Morgan to the FINRA Director of Arbitration dated October 14, 2020, challenging Arbitrator Scutti's classification as a Public Arbitrator ("10/14/2020 Letter to FINRA").

18. Attached hereto as **Exhibit 15** is a true and correct copy of the Letter from Jonathan J. Brennan to the FINRA Director of Arbitration dated October 15, 2020, challenging Arbitrator Scutti's classification as a Public Arbitrator ("10/15/2020 Letter to FINRA").

19. Attached hereto as **Exhibit 16** is a true and correct copy of the Letter from Lisa Lasher dated October 15, 2020, notifying the parties that FINRA's Director of Dispute Resolution denied Respondents' motion to remove Arbitrator Scutti as a misclassified arbitrator ("10/15/2020 Director Denial").

20. Attached hereto as **Exhibit 17** is a true and correct copy of the Letter from Lisa Lasher dated October 15, 2020, regarding FINRA's interactions with Arbitrator Scutti regarding his classification as a public arbitrator ("10/15/2020 FINRA Letter").

21. Attached hereto as **Exhibit 18** is a true and correct copy of the Letter from J.P. Morgan to Lisa Lasher dated October 15, 2020, petitioning to have Arbitrator Scutti removed based on bias and lack of impartiality ("Respondent's 10/15/2020 Letter to FINRA").

22. Attached hereto as **Exhibit 19** is a true and correct copy of the Letter from Jonathan J. Brennan to Lisa Lasher dated October 16, 2020, petitioning to have Arbitrator Scutti removed based on bias and lack of impartiality ("Respondents' 10/16/2020 Letter to FINRA").

23. Attached hereto as **Exhibit 20** is a true and correct copy of the Letter from Lisa Lasher dated October 16, 2020, notifying the parties that FINRA's Director of Dispute Resolution overruled Respondents' request to remove Arbitrator Scutti for interest, bias, or lack of impartiality ("10/16/2020 FINRA Letter").

24. Attached hereto as **Exhibit 21** is a true and correct copy of the email from Arbitrator Scutti to Lisa Lasher on October 22, 2020, disclosing that he had previously retained Petitioner's handwriting expert in an investment dispute where he represented the claimant ("10/22/2020 Disclosure from Scutti").

25. Attached hereto as **Exhibit 22** is a true and correct copy of the Letter from Jonathan J. Brennan to Lisa Lasher dated October 23, 2020, petitioning to have Arbitrator Scutti removed based on his former retention of Petitioner's expert ("10/23/2020 Letter").

26. Attached hereto as **Exhibit 23** is a true and correct copy of the Letter from J.P. Morgan to Lisa Lasher dated October 26, 2020, petitioning to have Arbitrator Scutti removed based on his former retention of Petitioner's expert ("10/26/2020 Letter").

27. Attached hereto as **Exhibit 24** is a true and correct copy of the Letter from Lisa Lasher dated October 26, 2020, notifying the parties of the Director's denial of Respondents' request to remove Arbitrator Scutti ("10/26/2020 FINRA Letter").

28. Attached hereto as **Exhibit 25** is an eight-page single-spaced statement drafted by Cathy Pattap Schottenstein ("Pattap") and Alexis Schottenstein outlining the alleged misconduct of Evan Schottenstein, which was entered into evidence in the Arbitration as Claimant's Exhibit 205 ("C's Ex. 205").

29. Attached hereto as **Exhibit 26** is a copy of the "black book," which was entered into evidence in the Arbitration as Schottenstein Respondents' Exhibit 192 ("Rs' Ex. 192").

30. Attached hereto as **Exhibit 27** is a true and correct copy of Respondents Evan and Avi Schottenstein's Motion for Issuance of Subpoenas to American Express and Chase Bank dated March 23, 2020.

31. Attached hereto as **Exhibit 28** is a true and correct copy of the Opposition of Beverley Schottenstein ("Claimant") to the Motion for Issuance of Subpoenas by Evan Schottenstein and Avi Schottenstein ("Cl.'s 3/23/2020 Opp.").

32. Attached hereto as **Exhibit 29** is a true and correct copy of the email from Ms. Solomon to Lisa Lasher dated April 20, 2020, denying the Schottenstein Respondents' Motion for Issuance of Subpoenas to American Express and Chase Bank ("4/20/2020 Decision").

33. Attached hereto as **Exhibit 30** is a compilation of text messages (pages 1 through 79) between Cathy Schottenstein Pattap and Evan Schottenstein, which was entered into evidence in the Arbitration as Schottenstein Respondents' Exhibit 100 ("Rs' Ex. 100").

34. Attached hereto as **Exhibit 31** is a compilation of text messages (pages 80 through 156) between Cathy Schottenstein Pattap and Evan Schottenstein, which was entered into evidence in the Arbitration as Schottenstein Respondents' Exhibit 100 ("Rs' Ex. 100").

35. Attached hereto as **Exhibit 32** is the Complaint filed by Chairperson Donna Solomon and her husband against State Farm Insurance company in Florida State Court on March 17, 2020 ("Solomon Complaint").

36. Attached hereto as **Exhibit 33** is Arbitrator Solomon's Disclosure Report ("Solomon 11/9/2020 Disclosure Report").

37. Attached hereto as **Exhibit 34** is the docket of the consumer lawsuit Arbitrator Rich and his wife pursued against Sandy's Landscaping and Sanford Stein in 1979 ("Rich Docket").

38. Attached hereto as **Exhibit 35** is Arbitrator Rich's Disclosure Report ("Rich 8/28/2020 Disclosure Report").

39. Attached hereto as **Exhibit 36** is a true and correct copy of the Subpoena for the Appearance of Alexis E. Schottenstein and the Production of Documents issued by the Panel on September 15, 2020 ("9/15/2020 Subpoena").

40. Attached hereto as **Exhibit 37** is a copy of the email from David Weintraub to Jonathan J. Brennan regarding the September 15 Trial Subpoena ("10/9/2020 Email from David Weintraub").

41. Attached hereto as **Exhibit 38** is a true and correct copy of the Subpoena for the Appearance of Records Custodian for Wells Fargo Bank, N.A. and the Production of Documents issued by the Panel on September 23, 2020 ("9/23/2020 Wells Fargo Subpoena").

42. Attached hereto as **Exhibit 39** is a true and correct copy of Respondents Evan and Avi Schottenstein's motion for the issuance of a subpoena for the production of documents to Wells Fargo Bank, N.A. ("6/24/2020 Motion for Wells Fargo Subpoena").

43. Attached hereto as **Exhibit 40** is the Petition to Enforce Arbitration Subpoenas filed on October 19, 2020 [ECF No. 1] in the case *Avi Schottenstein and Evan Schottenstein v. Wells Fargo Bank, N.A., and Alexis Schottenstein*, U.S. District Court for the Southern District of Florida, Case No. 9:20-cv-81924 ("10/19/2020 Petition to Enforce Arbitration Subpoenas").

44. Attached hereto as **Exhibit 41** is Alexis Schottenstein's Motion to Dismiss filed on November 2, 2020 [ECF No. 12] in the case *Avi Schottenstein and Evan Schottenstein v. Wells Fargo Bank, N.A., and Alexis Schottenstein*, U.S. District Court for the Southern District of Florida, Case No. 9:20-cv-81924 ("Alexis Mot. to Dismiss").

45. Attached hereto as **Exhibit 42** is Wells Fargo Bank N.A.'s Memorandum of Law in Opposition to the Petition to Enforce Arbitration Subpoenas filed on November 3, 2020 [ECF No. 14] in the case *Avi Schottenstein and Evan Schottenstein v. Wells Fargo Bank, N.A., and Alexis Schottenstein*, U.S. District Court for the Southern District of Florida, Case No. 9:20-cv-81924 ("Wells Fargo Opp.").

46. Attached hereto as **Exhibit 43** is a portion of a video recording taken on January 10, 2019, which was produced to all parties and proffered for admission into evidence as Schottenstein Respondents' Exhibit 127 ("Rs' Ex. 127").

47. Attached hereto as **Exhibit 44** is a transcript of the video clip, Schottenstein Respondents' Exhibit 127, which was produced to all parties and proffered for admission into evidence as Schottenstein Respondents' Exhibit 130 ("Rs' Ex. 130").

48. Attached hereto as **Exhibit 45** is a portion of a video recording taken on January 10, 2019, which was produced to all parties and proffered for admission into evidence as Schottenstein Respondents' Exhibit 125 ("Rs' Ex. 125").

49. Attached hereto as **Exhibit 46** is a transcript of the video clip, Schottenstein Respondents' Exhibit 125, which was produced to all parties and proffered for admission into evidence as Schottenstein Respondents' Exhibit 128 ("Rs' Ex. 128").

50. The arbitration hearing for the above-captioned matter was conducted via Zoom on October 19-23, 2020; October 26-30, 2020; November 2-6, 2020; December 15-17, 2020; and January 25-28, 2021, before the Financial Industry Regulatory Authority (FINRA). The arbitrators were Chairperson Donna Solomon, Arbitrator James Scutti, and Arbitrator David Rich.

51. The arbitration consisted of 43 hearing sessions over five weeks.

52. Over the course of the proceedings, the arbitrators frequently ignored or were distracted from the hearing. Rather than paying attention to the hearing, the arbitrators could be seen engaged in the following conduct: falling asleep or sleeping; not being present on camera; not paying attention; talking to others in their homes; and texting and/or using their phones. Approximately 418 contemporaneous pictures and videos (the "Arbitrator pictures and videos") were captured to document the arbitrators' inattention. Details of the Arbitrator pictures and videos are compiled into an Arbitrator Misconduct Log, attached hereto as **Exhibit 47.**

53. The pictures and videos indicate that on approximately 271 separate occasions, the arbitrators were sleeping, texting, talking with others in their homes, absent from the camera frame altogether, or otherwise not paying attention to the hearing. Arbitrator Misconduct Log, Ex. 47.

54. The Arbitrator pictures and videos document that Arbitrator David Rich was not present on camera on approximately 149 separate occasions for a total of nearly 3 hours. Ex. 47.

55. A video taken on October 29, 2020 at 8:57 AM CST shows Arbitrator David Rich absent from the camera frame for more than 4 minutes. Arbitrator David Rich Off-Camera Video, attached hereto as **Exhibit 48**.

56. The Arbitrator pictures and videos document that Arbitrator David Rich was falling asleep or sleeping on 54 separate occasions during the hearing. Arbitrator Misconduct Log, Ex. 47.

57. A video taken on November 5, 2020, at 1:12 PM CST shows Arbitrator David Rich sleeping on camera during the hearing for approximately 6 minutes and 56 seconds. Arbitrator David Rich Sleeping Video, attached hereto as **Exhibit 49**.

58. A video taken on October 30, 2020, at 9:39 AM CST shows Chairperson Donna Solomon sleeping for approximately 4 minutes and 6 seconds. Chairperson Donna Solomon Sleeping Video, attached hereto as **Exhibit 50**.

59. The Arbitrator pictures and videos show that Chairperson Donna Solomon was off-camera or was talking to someone off-camera during the hearing on 22 separate occasions. Arbitrator Misconduct Log, Ex. 47.

60. The Arbitrator pictures and videos show that Arbitrator James Scutti was texting and/or using his phone on 30 occasions for a total of 24 minutes during the hearing. Arbitrator Misconduct Log, Ex. 47.

61. A video taken on November 2, 2020, at 1:08 PM CST shows Arbitrator James Scutti texting or using his phone for over a minute. Arbitrator Scutti Phone Use Video, attached hereto as **Exhibit 51**.

62. Attached hereto as **Exhibit 52** is an email from FINRA on March 27, 2020 regarding hearing postponements in response to COVID-19, stating that FINRA Dispute Resolution offers virtual hearing services (via Zoom and teleconference) to parties by joint agreement or by panel order.

63. Attached hereto as **Exhibit 53** is a letter to the editor from George H. Friedman, the former Director of Arbitration for FINRA entitled, "Change the Code to Support Virtual Hearings," Securities Arbitration Commentator, May 8, 2020.

64. Attached hereto as **Exhibit 54** is the FINRA Arbitrator Resource Guide for Virtual Hearings.

65. Attached hereto as **Exhibit 55** is the cited portions of the FINRA Arbitrator's Guide ("FINRA Arbitrator's Guide).

66. Attached hereto as **Exhibit 56** is the FINRA Arbitrator Disclosure Checklist.

67. Attached hereto as **Exhibit 57** is Arbitrator Scutti's Disclosure Report ("Scutti 10/14/2020 Disclosure Report").

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of March, 2022, in Birmingham, Alabama.

/s/ Peter S. Fruin  
Peter S. Fruin

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 7, 2022, a copy of the above and foregoing has been filed with the Court via the CM/ECF system, which will serve a copy upon all counsel of record.

                /s/ Peter S. Fruin
                Of Counsel