UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:20-MC-81924

AVI E. SCHOTTENSTEIN, and
EVAN A. SCHOTTENSTEIN,

    Petitioners,

v.

WELLS FARGO BANK, N.A. and
ALEXIS SCHOTTENSTEIN,

    Respondents.
_____/

## WELLS FARGO BANK N.A.'S MEMORANDUM OF LAW
## IN OPPOSITION TO THE PETITION TO ENFORCE ARBITRATION SUBPOENAS

Respondent, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, hereby files its Memorandum of Law in Opposition to the Petition to Enforce Arbitration Subpoenas (D.E. #1 ) ("Petition"), and states as follows:

### I.     PROCEDURAL BACKGROUND

1.     Wells Fargo is a non-party to a FINRA arbitration (the"Arbitration") (FINRA Case No. 19-02053) between Beverly Schottenstein, individually and as co-trustee, ("Beverly") who is the claimant and Avi Schottenstein ("Avi"), Evan Schottenstein ("Evan") and J.P. Morgan Securities, LLC who are all respondents.

2.     Wells Fargo is not a member of FINRA.

3.     Alexis Schottenstein ("Alexis") is also a non-party to the Arbitration.

4.     Alexis, who upon information and belief is now a resident of New York, is a former employee of Wells Fargo. During the time Alexis was employed by Wells Fargo she was a resident of Florida.

5. On July 29, 2020, Avi and Evan (collectively "Petitioners") served their Subpoena on Wells Fargo seeking private employment/personnel records and confidential customer records related to Alexis' employment at Wells Fargo. <u>See</u> Wells Fargo Subpoena at D.E. # 1-5. The Wells Fargo Subpoena also requested Wells Fargo undertake an extensive electronic search of its voluminous records to attempt to locate documents referencing a particular email address. <u>Id.</u>

6. Thereafter, Wells Fargo served its Objections to the Wells Fargo Subpoena which included a general jurisdictional objection since FINRA lacked jurisdiction over Wells Fargo in this matter and as such Wells Fargo objected to producing *any* documents in the Arbitration. <u>See</u> Wells Fargo's Objections at D.E. # 1-6.

7. Additionally, Wells Fargo also objected to the Wells Fargo Subpoena on privacy and confidentiality grounds since the employment/personnel records sought by Petitioners impacted Alexis' right to privacy under the Florida Constitution and Alexis' counsel had specifically instructed Wells Fargo not to produce the requested documents. <u>Id.</u>

8. Wells Fargo also objected to the Wells Fargo Subpoena because Request Number 4, the document request regarding a particular email address, was overly broad and unduly burdensome in that Petitioners were demanding that Wells Fargo search for documents involving a particular email address without identifying a specific author or custodian. <u>Id.</u> Due to the number of customers Wells Fargo serves and the number of employees employed by Wells Fargo, it is almost impossible and would be extremely time consuming and expensive for Wells Fargo, a non-party to the Arbitration, to search for documents referencing a particular email address without identifying the author or a particular custodian of those documents.

115563824

9. Thereafter, notwithstanding that Petitioners admitted that the written discovery directed to Wells Fargo in the Wells Fargo Subpoena was improper; the Arbitration Chairperson issued an "order" overruling Wells Fargo's Objections. See Petitioners' Response to Wells Fargo's Objections, attached as Exhibit A.; see also D.E. # 1-7.

10. Recognizing that the Wells Fargo Subpoena was improper, Petitioners requested that the Arbitration panel issue a Trial Subpoena directed to Wells Fargo requesting the same documents as set forth in the Wells Fargo Subpoena. Id., see also Wells Fargo Trial Subpoena at D.E. # 1-8.

11. Wells Fargo advised counsel for Petitioners that it would not comply with the Wells Fargo Trial Subpoena since FINRA does not have jurisdiction over Wells Fargo.

12. While the Wells Fargo Trial Subpoena (see D.E. # 1-8) purports to compel Wells Fargo to bring certain documents to FINRA's Dispute Resolution physical location (located in Boca Raton, Florida), FINRA is presently not holding any in-person hearings. See FINRA's Cornavirus Impact on Arbitration Hearings notification, located at https://www.finra.org/rules-guidance/key-topics/covid-19/arb-hearings, last visited November 3, 2020, attached as Exhibit B.

13. Rather, as communicated by counsel for Beverly to counsel for Wells Fargo, the final hearing in the Arbitration is being held by video conference.

## II. MEMORANDUM OF LAW

### A. Section 7 of the FAA Does Not Authorize District Courts to Compel Witnesses to Appear Via Video Conference at a Hearing.

FINRA does not have jurisdiction over Wells Fargo and as a result cannot compel Wells Fargo to participate in either pre-hearing discovery or to appear at the final hearing pursuant to a FINRA issued subpoena. Accordingly, Petitioners have sought relief in this Court pursuant to

115563824

Section 7 of the FAA and they request that this Court enforce the Wells Fargo Trial Subpoena pursuant to same.

The specific issues in this matter has been previously addressed and squarely dealt with in Managed Care Advisory Group, LLC v. Cigna Healthcare, Inc., 939 F.3d 1145 (11th Cir. 2019). In Managed Care, like this matter, the summoned parties were non-parties to the arbitration. Id. at 1158-1159. As a result, the authority for the arbitrator to summon or subpoena a non-party to produce materials was solely based on the Federal Arbitration Act ("FAA"). Id. at 1159. Section 7 of the FAA provides authority for the arbitrator to "summon in writing any person to attend before them … as a witness in a proper case to bring with him … any book, record, document, or paper which may be deemed material as evidence in the case." Id.; see also 9 U.S.C. §7. Section 7 does not provide authority for arbitrators to order non-parties to provide documents outside the presence of the arbitrators[1]. Managed Care, 939 F.3d at 1159. Accordingly, pre-hearing written discovery directed to non-parties, as Petitioners have previously admitted in this matter, is simply not permissible. Id.

In the Managed Care case, the summons at issue stated that the non-parties shall attend a hearing before the arbitrator, but in reality the hearing in that matter was to be held in Miami, Florida and the non-parties would testify remotely from their respective locations across the country via video conference. Id. at 1160. The Court in Managed Care analyzed the language of Section 7 of the FAA and the definition of "attendance" and "before" and found that the "plain meaning of Section 7 [required] summonsed non-parties to appear in the physical presence of the

---

[1] The FINRA rules and code also do not authorize a district court to enforce a FINRA discovery order. Empire Financial Group v. Penson Financial Services, Inc., 210 WL 742579 at *3 (N.D. Tx., March 3, 2010).

arbitrator as opposed to a video conference or teleconference . . . ." Id. at 1161 (emphasis supplied).

Here, the facts in this matter as compared to Managed Care are almost identical. Wells Fargo is not a party to the Arbitration. Neither the Arbitration panel nor the Arbitration Chairperson could or can compel Wells Fargo to produce documents prior to the hearing. While Petitioners have represented to this Court that they seek to enforce a Trial Subpoena that purports to require Wells Fargo to appear in person at the final hearing in the Arbitration, Petitioners have purposefully failed to advise this Court that the final hearing is being held by video conference. As explained above, and as the Petitioners are well aware, FINRA is not holding any in person hearings. See Exhibit B. Accordingly, like Managed Care, this Court lacks authority to enforce the Wells Fargo Trial Subpoena since Wells Fargo would have to appear via video conference at the hearing and/or Wells Fargo would not be "before" the Arbitration panel since the Arbitration panel is also attending the Arbitration by video-conference. As a result, the Petition in this matter must be denied.

### B. The Employment Records Sought by Petitioners Are Confidential/Private and Therefore Cannot Be Produced to Petitioners.

In addition to the fact that the Wells Fargo Trial Subpoena is a nullity, since this Court cannot compel Wells Fargo to appear via video conference, the Wells Fargo Trial Subpoena is not enforceable. A trial subpoena, in order to be enforceable, must still be seeking records that are reasonable in scope and relevant to the underlying Arbitration. McGreal v. At&T Corp., 892 F. Supp. 2d 996, 1009 (N.D. Ill. 2012). Additionally, the Court must analyze whether the individual/recipient of the subpoena seeking protection of Federal and State constitutional rights to privacy has a legitimate expectation of privacy. Id. And, where records are sought from a

115563824

non-party to the litigation, such non-parties have a greater expectation of privacy. Id. (citations omitted).

Florida Courts have recognized that an employee who is a non-party to the underlying litigation has a right of privacy regarding their personnel records and personnel files that they may assert via the Court. Wheeler v. Blackbear Two, LLC, 2012 WL 5989423 at *3 (M.D. Fla., Nov. 30, 2012); see also Murphy v. Board of Ed. Of the Rochester City School Dist., 2000 WL 3394584 at *3 (W.D.N.Y., Sep. 11, 2000). In this matter, counsel for Wells Fargo was advised by counsel for Alexis that she specifically and adamantly objected to Wells Fargo disclosing or producing her Wells Fargo personnel/employment records in the Arbitration. Moreover, Alexis's counsel has further advised that Alexis plans to seek leave of this Court to object to the Wells Fargo Trial Subpoena. As a result, Wells Fargo should not be compelled to produce Alexis' confidential personnel records in Wells Fargo's custody based on the current procedural posture of this matter and based on Alexis' specific direction to Wells Fargo. Rather, to the extent this Court finds that the Wells Fargo Trial Subpoena is enforceable in light of the Managed Care case, this Court should not order Wells Fargo to produce Alexis' personnel records prior to the resolution of any objection Alexis' asserts in this matter or the Arbitration.

    C.    **The Wells Fargo Trial Subpoena May Improperly Seek Private Financial Records of Customers.**

The first request set forth in the Wells Fargo Trial Subpoena requests that Wells Fargo produce "customer complaints concerning or involving Alexis Schottenstein." See D.E. #1-8. Accordingly, Petitioners seek records and information related to accounts maintained by non-parties to the Arbitration. Additionally, it is not clear whether or not Petitioners' request for documents concerning a particular email address (Request No. 4) will or will not implicate

115563824

customer records since Wells Fargo has not undertaken the requested search for the reasons stated below.

Florida recognizes that an individual has a "legitimate expectation of privacy in financial institution records," unless discovery is essential. Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regulation, 477 So. 2d 544, 548 (Fla. 1985). Thus, the constitutional right to privacy protects against the involuntary disclosure of irrelevant, personal financial information.

Section 655.059(2)(b) of the Florida Statutes extends protection to the books and records of financial institutions. FLA. STAT. § 655.059(2)(b). "In fact, Florida Statute § 655.059(2)(b) *requires financial institutions to maintain the confidentiality of the accounts* and loans *of any of its* members, *depositors*, borrowers, or stockholders." New Hampshire Indem. Co., Inc. v. Reid, 2007 WL 2972618, at *6 (M.D. Fla. July 27, 2007) (emphasis added) (holding that a non-party had a recognized privacy interest in her financial records). Section 655.059(2)(b) explicitly provides that records related to accounts of depositors of any financial institution "*shall* be kept confidential by the financial institution" and "*shall not be released* except upon express authorization of the account holder." FLA. STAT. § 655.059(2)(b) (emphasis added); see Banc of America Investment Services, Inc. v. Barnett, 997 So. 2d 1154, 1156 (Fla. 3d DCA 2008) (account statements of alleged fraudster were confidential under section 655.059(2)(b) and disclosure constitutes a harmful invasion of privacy which cannot be remedied on appeal).

Wells Fargo, a financial institution, is required to maintain the confidentiality of the requested records and information pursuant to section 655.059(2)(b). The account holders possibly implicated by the Wells Fargo Trial Subpoena are not parties to this action, and thus, have no notice of the request for disclosure of their confidential financial information. Accordingly, it is Petitioners' burden to make a showing of necessity that outweighs the non-

115563824

parties' constitutional right to privacy. Here, the Petition lacks any argument regarding the necessity of these records. And, as a result, no customer records should be ordered produced in this matter.

D. **The Records Sought Via the Wells Fargo Trial Subpoena Are Not Reasonable in Scope and Therefore the Petition to Enforce the Subpoena Should Be Denied.**

As noted above, in order for the Wells Fargo Trial Subpoena to be enforceable, Petitioners must be seeking records that are reasonable in scope. Petitioners have sought from Wells Fargo "documents concerning the email address of bevschottenstein@aol.com, including any documents sent to or from that email address" for a five (5) year time period. See Wells Fargo Trial Subpoena at D.E. # 1-8.. Additionally, Petitioners have defined "document" in its "broadest sense." Id.

As previously explained, based on the volume of records that Wells Fargo maintains for its employees and customers, Petitioners request is almost impossible for Wells Fargo to comply with. Wells Fargo has in excess of 250,000 employees and serves 70 million customers. As a result, searching for each and every document, expansively defined to include communications (including emails), notes, telecopies, memoranda, summaries, sound recordings, video recordings, transcriptions of telephone, personal or other conversations, interview, account statements, meetings, diaries, diary entries, over a five (5) year period which "references" a particular email address without Petitioners identifying specific authors or custodians is basically impossible. And, to the extent Wells Fargo is required to undertake such an extensive "needle in haystack" electronically stored information ("ESI") and hard copy record search, Wells Fargo would be severely burdened both in time and expense which, as a non party, should simply not

115563824

be required. Accordingly, in addition to the bases stated above, the Petition should be denied based on the fact that Request Number 4 is overbroad and unduly burdensome.

### III. RESPONSE TO PETITION

To the extent a specific allegation in the Petition has not been answered or responded to herein, Wells Fargo denies any remaining allegations set forth in the Petition.

### IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Wells Fargo Bank, N.A. respectfully requests that this Court deny the Petition and grant such other and further relief as this Court deems just and proper.

> FOX ROTHSCHILD LLP
> 777 South Flagler Drive
> Suite 1700 West Tower
> West Palm Beach, FL 33401
> Tel: 561/835-9600
> Fax: 561/835-9602
>
> BY: __s/ Dori K. Stibolt__
> Dori K. Stibolt
> Florida Bar Number: 183611
> dstibolt@foxrothschild.com
>
> *Counsel for Wells Fargo Bank, N.A.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by

115563824

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Dori K. Stibolt
Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*
CASE NO: 9:20-MC-81924

Robert C. Harris
HUNTER TAUBMAN FISCHER & LI LLC
2 Alhambra Plaza
Suite 650
Coral Gables, FL 33134
Telephone: (305) 629-1180
Facsimile: (305) 629-8099
rharris@htflawyers.com

*Attorneys for Avi Schottenstein and Evan Schottenstein*

Dori K. Stibolt
FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602
Email: dstibolt@foxrothschild.com

*Attorneys for Wells Fargo Bank, N.A.*

David A. Weintraub
David A. Weintraub, P.A.
7805 SW Sixth Court
Plantation, FL 33324
Telephone: (954) 693-7577
Facsimile: (954) 693-7578
daw@stockbrokerlitigation.com
vescobar@stockbrokerlitigation.com

*Attorneys for Alexis Schottenstein*

115563824