UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20521-BLOOM/Otazo-Reyes**

BEVERLEY B. SCHOTTENSTEIN,
Individually and as Co-Trustee Under the
Beverley B. Schottenstein Revocable
Trust U/A/D April 5, 2011, as Amended,

  Petitioner,

v.

J.P. MORGAN SECURITIES, LLC;
EVAN A. SCHOTTENSTEIN; and
AVI E. SCHOTTENSTEIN,

  Respondents.
_____/

**ORDER GRANTING IN PART PETITIONER'S MOTION TO
DETERMINE PREJUDGMENT INTEREST
AND ATTORNEYS' FEES AND TO AMEND FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Petitioner Beverley B. Schottenstein's ("Petitioner") Motion to Determine Prejudgment Interest and Attorneys' Fees and to Amend Final Judgment, ECF No. [87] ("Motion"). Respondent Evan A. Schottenstein ("Respondent") filed a Response in Opposition to Petitioner's Motion, ECF No. [103] ("Response"). Petitioner thereafter filed a Reply, ECF No. [106] ("Reply").[1] The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

---

[1] Avi E. Schottenstien resolved the issue of monies owed pursuant to the Court's Final Judgment, *see* ECF No. [105], and therefore did not file a Response

I.     BACKGROUND

On February 5, 2021, Petitioner filed her Petition seeking to confirm the decision of a Financial Industry Regulatory Authority ("FINRA") arbitration panel that awarded damages on her claims for constructive fraud, common law fraud, and elder abuse ("Award"). *See* ECF No. [1] at 1-2. The Award required Respondents to pay Petitioner $9,000,000.00 in compensatory damages plus interest, $172,630.50 in costs, and one-half of Petitioner's attorneys' fees. *Id*. at 2. The Award required Avi E. Schottenstein to pay Petitioner $602,251.00 in compensatory damages plus interest. *Id*.

Respondent and Avi E. Schottenstein filed a Motion to Vacate, arguing that the Court should vacate the Award. *See* ECF No. [75]. Petitioner filed her Response to the Motion to Vacate, arguing that the Court should deny the Motion to Vacate and confirm her Award. *See generally* ECF No. [80]. The Court ultimately confirmed the Award and denied the Motion to Vacate, ECF No. [84] ("Order"), and entered Final Judgment. ECF No. [85].

On June 1, 2022, Respondent and Avi E. Schottenstein appealed the Order and Final Judgment to the Eleventh Circuit Court of Appeals ("Appeal"), ECF No. [86]. On June 6, 2022, Petitioner filed the instant Motion in which she requested that the Court quantify the attorneys' fees to which she was entitled, award prejudgment interest on the Award, costs and attorneys' fees, and amend the Final Judgment. ECF No. [87]. The Court denied Petitioner's Motion for lack of jurisdiction because the case was on appeal. ECF No. [89]. Petitioner thereafter appealed the Court's Order and filed a motion before the Eleventh Circuit to temporarily relinquish jurisdiction to the district court and stay the Appeal. ECF No. [91]. In the interim, Petitioner filed her Verified Motion for Attorneys' Fees, Prejudgment Interest and Costs from Evan Schottenstein, ECF No. [92] ("Verified Motion"), which the Court denied for lack of jurisdiction because the case was still

on appeal. ECF No. [95]. On August 31, 2022, the Eleventh Circuit issued an Order remanding this case on a limited basis for this Court to "rule on the pending June 6, 2022, post-judgment motion, entitled 'Petitoner's Motion to Determine Prejudgment Interest and Attorney's Fees and to Amend Final Judgment.'" ECF No. [101].

## II. LEGAL STANDARD

### A. Confirming or Modifying an Arbitration Award

The Supreme Court has recognized an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985); *see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985) (noting that where parties have seen fit to adopt arbitration clauses in their agreements, there is a "strong federal policy in favor of enforcing [them]"). Since the United States' accession to the New York Convention in 1970 "and the implementation of the Convention in the same year by amendment of the Federal Arbitration Act, that federal policy applies with special force in the field of international commerce." *Mitsubishi Motors*, 473 U.S. at 631; *see also Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999) ("The adoption of the Convention by the United States promotes the strong federal policy favoring arbitration of disputes, particularly in the international context.").

Chapter 2 of the Federal Arbitration Act ("FAA") ratifies and incorporates the New York Convention. *See* 9 U.S.C. §§ 201-208; *see also Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1290 (11th Cir. 2004). "When reviewing an arbitration award, 'confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmations or grounds for refusal to confirm.'" *Chelsea Football Club Ltd. v. Mutu*, 849 F. Supp. 2d 1341, 1344

(S.D. Fla. 2012) (quoting *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007)). The provision for judicial confirmation carries "no hint of flexibility" because "[o]n application for an order confirming the arbitration award, the court must grant the order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Frazier v. CitiFinancial Corp.*, LLC, 604 F.3d 1313, 1322 (11th Cir. 2010) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (internal quotation marks omitted)). Under the Federal Arbitration Act, a district court may modify the decision of an arbitrator in a limited number of circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

Offshore Marine Towing, Inc. v. MR23, 412 F.3d 1254, 1256 (11th Cir. 2005) (citing 9 U.S.C. § 11).

### B. Prejudgment Interest

Under the current FINRA Arbitration Rules, an award

> shall bear interest from the date of the award:
> (i)    if not paid within (30) days of receipt;
> (ii)   if the award is the subject of a motion to vacate which is denied; or
> (iii)  as specified by the panel in the award.

13904. Awards, FINRA-ARBRULES Rule 13904 (j).

Under Florida law, prejudgment interest is calculated from the day an arbitration award is rendered until the date that award is confirmed. *Grigsby & Assocs., Inc. v. M Sec. Invs., Inc.*, No. 06-23035-CIV, 2010 WL 11452307, at *2 (S.D. Fla. Sept. 30, 2010) (citing Okun v. Litwin Sec., Inc., 652 So.2d 387, 389 (Fla. 3d DCA 1995)); Royster Co. v. Union Carbide Corp., 737 F.2d 941,

4

948 (11th Cir. 1984) (state law governs the award of interest). The Court does not award interest which predates the Award. *See Okun v. Litwin Sec., Inc.*, 652 So. 2d 387, 389 (Fla. Dist. Ct. App. 1995).

### C. Reasonable Attorneys' Fees

This Court uses the lodestar method to calculate reasonable attorneys' fees, considering the hourly rate and the hours billed. "Courts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested. *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates. The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299.

Pursuant to Local Rule 7.3(b), "[t]he respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount and shall provide supporting legal authority." S.D. Local Rule 7.3(b); *see also Club Madonna Inc., v. City of Miami Beach*, No. 13-23762-CIV-LENARD/GOODMAN, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) (citing *Sriskada v. Harbor Pita, Inc.*, No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014)). "[A] party opposing a fee application has an obligation to provide specific and reasonably precise objections concerning attorney hours that should be excluded from the final fee award." *Rosa-*

*Nales v. Carnival Corp.*, No. 12-22172-Civ-COOKE/TORRES 2015, WL 10015262, at *8 (S.D. Fla. Jun. 11, 2015) (citing *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999)). Courts have determined that a failure to comply with the requirements of Local Rule 7.3 is grounds for granting the requested fees. *Club Madonna Inc.*, 2015 WL 5559894, at *9 (quoting *Sriskada*, 2014 WL 3908206, at *1).

### III.   ANALYSIS

#### A.  Jurisdiction

Petitioner relies on the Eleventh Circuit's limited remand to argue that this Court can address each of her claims for relief in the instant Motion. ECF No. [106] at 2-3. Respondent counters that this Court lacks jurisdiction because the Eleventh Circuit limited its remand for this Court to rule on the pending June 6, 2022 Motion, ECF No. [87], but there was no pending motion at that point since this Court had already denied the Motion. ECF No [103] at 2-3. Respondent contends that since there was no pending motion, the Eleventh Circuit's limited remand does not allow this Court to reconsider the Motion, ECF No. [87], that it had already denied. *Id*. at 3. The Respondent's argument is without merit. This Court issued the Order denying the Motion for lack of jurisdiction because the Case was on appeal more than two months before the Eleventh Circuit issued its remand. *Id*. at 2. The Eleventh Circuit's remand remedied the issue of jurisdiction and clearly instructed this Court to consider Petitioner's Motion at ECF No. [87]. *See* ECF No. [101]. As such, the Court has jurisdiction to decide the Motion pursuant to the Eleventh Circuit's limited remand.

#### B.  Prejudgment Interest on Damages

Petitioner requests prejudgment interest on the compensatory damage Award to be calculated from the date on which her claims accrued. ECF No. [87] at 4-5. Petitioner argues that

the appropriate date to calculate damages from is July 24, 2019, the date she filed her arbitration statement of claim. *Id*. Respondent contends that the Award specifically considered any interest to be paid on the compensatory damage award, and as such, only prejudgment interest from the date of the Award is appropriate. ECF No. [103] at 9. The Court agrees with Respondent. Here, the Award specifically stated that Evan Schottenstein "is liable for and shall pay to Claimants the sum of $9,000,000.00 in compensatory damages, plus interest at the Florida legal rate that begins to accrue as of the date of service of this Award." ECF No. [1] at 20.

The Award was made on February 5, 2021. ECF No. [1] at 24. As such, on the $9,000,000.00 of compensatory damages Respondent owes to Petitioner, interest accrued at the Florida statutory rate from the date of the Award through the date the Court entered Final Judgment on May 9, 2022. Petitioner is directed to file an updated request for prejudgment interest on the compensatory damage award applying the Florida statutory rate from February 5, 2021, through May 9, 2022.

### C. Costs and Attorneys' Fees

#### i. Quantifying the Attorneys' Fees

Petitioner requests attorneys' fees pursuant to the Award. Respondent argues that Petitioner's request for attorneys' fees exceeds the scope of the remand by the Eleventh Circuit and is therefore inappropriate. ECF No. [103] at 9-10. Respondent asserts that because Petitioner's Motion states that she separately moved for attorneys' fees and incorporates that Verified Motion into the Motion, but did not move for the attorneys' fees until July 8, 2022, in the Verified Motion, it was not properly incorporated. *Id*. Respondent further contends that since the Verified Motion was not also remanded for consideration, it is outside the scope of this Court's jurisdiction. *Id*. Respondent further contends that "none of this Court's powers under the Federal Arbitration Act

gives it authority to determine a fee amount left undetermined by the arbitrators. *Id*. at 15. Petitioner replies that, in her Motion, she asked the Court to quantify the amount of fees to which she is entitled and to award prejudgment interest on that amount. As such, the issue of attorneys' fees is properly before this Court. ECF No. [106] at 5. The Court agrees with Petitioner and quantifies the amount of attorneys' fees to which Petitioner is entitled.

The Eleventh Circuit's Order states in relevant part that the Appeal is "REMANDED ON A LIMITED BASIS to the District Court so that it may rule on the pending June 6, 2022, post-judgment motion, entitled 'Petitioner's Motion to Determine Prejudgment Interest and Attorney's Fees and to Amend Final Judgment' (*See* DE 87)." ECF No. [101] at 2 (emphasis in original). The Court determines that it was given jurisdiction to rule on the Motion specifically referenced in the Eleventh Circuit's Order and to consider all requests for relief therein.

Furthermore, Federal District Courts are courts of competent jurisdiction to determine the amount of attorneys' fees to be awarded. *See Van Dermark v. Terminix Int'l Co. LP*, No. 3:18CV2188-RV/EMT, 2018 WL 7361407 (N.D. Fla. Dec. 21, 2018) (the District Court "has the authority to determine the amount of attorneys' fees and costs that the arbitrator awarded and that the plaintiffs were entitled to"); *see also Morgan Stanley DW Inc. v. ESCAM Tr. No. 280905*, No. 04-61628-CIV, 2005 WL 8155337, at *4 (S.D. Fla. July 21, 2005), *report and recommendation adopted*, No. 04-61628-CIV, 2005 WL 8155334 (S.D. Fla. Aug. 24, 2005) ("Because Petitioners never expressly waived their right to a judicial determination of fees, jurisdiction to determine entitlement to (and amount of) fees rests with the Court").

In the instant Motion, Petitioner requested that the Court quantify the attorneys' fees to which Petitioner is entitled from Respondent. ECF No. [87] at 2. The Court finds that given the scope of the Eleventh Circuit's remand and the Court's ability to quantify the reasonable amount

of attorneys' fees awarded in arbitration, it is competent to assess the appropriate award in this case.

### ii. Calculation of Attorneys' Fees

Petitioner requests $555,100.75 for attorneys' fees incurred in arbitration, and $241,726.50 in attorneys' fees incurred in these confirmation proceedings. *Id*. at 9. In support of these figures, Petitioner filed Petitioner's Verified Motion on July 8, 2022, ECF No. [92], and two declarations in support of the requested fees. *See* ECF Nos. [93], [94]. Respondent makes two primary arguments against these figures (1) only the attorneys' fees incurred during arbitration are appropriate and Petitioner is not entitled to fees incurred in the confirmation proceedings; and (2) three of the billing notations should be excluded where additional hours were spent because Petitioner's counsel missed deadlines. The Court addresses each of Respondent's objections in turn.

### a. Attorneys' Fees Granted by the Award

The Award specifically entitles Petitioner to one half of her attorneys' fees incurred in arbitration to be paid by Respondent. ECF No. [1] at 21. The Award states:

> 8. Pursuant to Section 415.1111, Fla. Stat., Respondent [Evan Schottenstein] is liable for and shall pay to Claimants cost in the amount of $172,630.50.
> …
> 10. Pursuant to Section 415.1111, Fla. Stat., Respondent [Evan Schottenstein] is liable for and shall pay to Claimants one-half of their attorneys' fees, in an amount to be determined by a court of competent jurisdiction.

ECF No. [1] at 18-24.

The statute on which the Award relies, § 415.1111, Fla. Stat., reads in relevant part, "[a] party who prevails in any such action may be entitled to recover reasonable attorney's fees, costs of the action, and damages." Fla. Stat.§ 415.1111 (2006).

Case No. 21-cv-20521-BLOOM/Otazo-Reyes

### b. Attorneys' Fees Incurred in Confirmation Proceedings

Petitioner also requests attorneys' fees incurred in the confirmation proceedings before this Court. *See* ECF Nos. [87], [92]. Respondent argues that Petitioner is not entitled to any attorneys' fees incurred during the confirmation proceedings. ECF No. [103] 12-13. Respondent further contends that "Petitioner has no independent statutory or contractual basis on which to recover attorneys' fees for anything other than the underlying arbitration." ECF No. [103] at 12. In reply, Petitioner restates the statutory basis that entitles her to attorneys' fees in the underlying arbitration proceeding, but cites no authority demonstrating that she is entitled to attorneys' fees incurred in the confirmation proceedings. *See* S.D. Local Rule 7.3(a)(2). As such, the Court finds that Petitioner has set forth any independent statutory or contractual basis on which to recover attorneys' fees and has not demonstrated entitlement to attorneys' fees incurred during the confirmation proceedings.

### c. Reasonableness of Requested Attorneys' Fees

Petitioner requests $555,100.75 as 50% of the reasonable fees incurred in arbitration. ECF Nos. [87] at 9, [103] at 8. Respondent does not object to the reasonableness of the fee rates requested. Respondent objects to only three specific time entries made by Petitioner's counsel during the confirmation proceedings. ECF No. [103] at 14-15. Since the Court has already found that Petitioner has not made the required showing to demonstrate that she is entitled to attorneys' fees incurred during the confirmation proceedings, Respondent's objection is moot.

The Court reviewed the hourly rates charged by all timekeepers and finds them to be reasonable under the lodestar analysis. *See* ECF Nos. [93], [94]. The Court also determines that all timekeepers exercised billing judgment. *See id*. Accordingly, the Court determines that pursuant to the Award, Respondent owes Petitioner $554,075.75 as 50% of the reasonable fees incurred in arbitration.

### i. Costs

Petitioner requests arbitration costs of $172,630.50 and $1,245.72 in taxable costs incurred in the confirmation proceedings. ECF Nos. [87] at 9, [103] at 8. Respondent does not object to the reasonableness of the requested costs. The Award specifically entitles Petitioner to recover $172,630.50 in costs accrued during the arbitration proceedings from Respondent. ECF No. [1] at 21. Moreover, the Petitioner prevailed in the confirmation proceedings and is entitled to her costs. The Court therefore awards Petitioner the $172,630.50 in costs incurred during arbitration pursuant to the Award and $1,245.72 in taxable costs incurred in the confirmation proceedings.

### D. Prejudgment Interest on Costs and Attorneys' Fees

Petitioner seeks prejudgment interest at the Florida statutory rate on costs and attorneys' fees. ECF No. [87] at 6-7. Petitioner asserts that the prejudgment interest accrues from February 4, 2021, through June 30, 2022. *Id*. Respondent responds that the Award did not award Petitioner interest on costs or attorneys' fees. ECF No. [103] at 8-9. Respondent argues that,the absence of a specific award of interest in the language of the Award as to costs and fees, where the Award specifically included the award of interest on compensatory damages, indicates the arbitrators' intent to not award interest on the costs and fees. *Id*.

The Florida Supreme Court squarely addressed whether an award of attorneys' fees allows for prejudgment interest in *Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930 (Fla. 1996). Resolving a conflict among Florida's district courts, the Florida Supreme Court rejected the contention that an award of fees is a litigation cost subject only to post-judgment interest. *Id*. Instead, it held that prejudgment "interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined." *Id*. at 931; *see also Trial Practices, Inc. v.*

*Hahn Loeser & Parks, LLP*, 228 So. 3d 1184, 1193 (Fla. 2d DCA 2017) (finding that prejudgment interest on attorney's fees awarded pursuant to a prevailing party contractual fee provision should be affixed on the date the prevailing party status is determined). As with the compensatory damages, the Court finds that the prejudgment interest on attorneys' fees is properly calculated from the date of the Award through the date of the Final Judgment. *See Grigsby & Assocs., Inc. v. M Sec. Invs., Inc.*, No. 06-23035-CIV, 2010 WL 11452307 at *2; *see also SunTrust Inv. Servs., Inc. v. Thorlton*, No. 617CV182ORL22GJK, 2017 WL 11025662 (M.D. Fla. May 17, 2017), *report and recommendation adopted*, No. 617CV182ORL22GJK, 2017 WL 11025663 (M.D. Fla. July 19, 2017) ("it is recommended that the Court grant Plaintiff's request for an award of interest from the date of the arbitration award until the judgment is satisfied").

The Court therefore finds that interest on the attorneys' fees incurred during the arbitration proceedings is entitled to prejudgment interest from the date of the arbitration award. This finding is supported by both Florida Law and the FINRA Arbitration Rules which state that "[a]n award shall bear interest from the date of the award" where certain preconditions are met. Awards, FINRA-ARBRULES Rule 13904 (j). The same supports the finding of prejudgment interest on costs awarded to Petitioner in the Award. The Court determines that prejudgment interest accrued on Petitioner's attorneys' fees and on costs at the Florida statutory rate from February 5, 2021, through May 9, 2022. Petitioner is directed to file an updated request for prejudgment interest on costs and attorneys' fees at the Florida statutory rate from February 5, 2021, through May 9, 2022.

## IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Petitioner's Motion, **ECF No. [87]** is **GRANTED** in part and **DENIED** in part.

2. Petitioner shall file an updated request for prejudgment interest on compensatory damages, costs, and attorneys' fees in accordance with this Order **on or before November 4, 2022.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 26, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record